JS 44 (Rev. AB)  **CIVIL COVER SHEET**  17-cv-3289

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
BETTY HUNTLEY

**DEFENDANTS**
L.F. DRISCOLL COMPANY, LLC, BIG-D CONSTRUCTION CORP., and MIKE CARTER

**(b)** County of Residence of First Listed Plaintiff: PHILADELPHIA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: MONTGOMERY
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Christopher R. Booth, Jr., Esquire   215-391-4790
Derek Smith Law Group, PLLC
1845 Walnut Street, Suite 1601
Philadelphia, PA 19103

Attorneys *(If Known)*
Frank J. Giambalvo, Esquire
Peckar & Abramson
70 Grand Avenue
River Edge, NJ 07661

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| | | | | | ☐ 893 Environmental Matters |
| | | | | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

### V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of the Civil Rights Act of 1964, 42 U.S.C. sec 2000e et seq.
Brief description of cause:
Sexual harassment and gender discrimination

### VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: July 24, 2017
SIGNATURE OF ATTORNEY OF RECORD: /s/ Christopher R. Booth

JUL 24 2017

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT 17  3289

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _4102 L Street, Philadelphia, PA 19124_

Address of Defendant: _401 East City Avenue, Suite 500, Bala Cynwyd, PA 19004_

Place of Accident, Incident or Transaction: _1739 Vine Street, Philadelphia, PA 19103_
(*Use Reverse Side For Additional Space*)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒
*RELATED CASE, IF ANY*:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
(*Check Appropriate Category*)
I, _Christopher R. Booth, Jr., Esquire_, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _July 24, 2017_    _____    _59395_
                          Attorney-at-Law            Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

JUL 24 2017

DATE: _July 24, 2017_    _____    _59395_
                          Attorney-at-Law            Attorney I.D.#

CIV. 609 (5/2012)



# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| BETTY HUNTLEY | : | CIVIL ACTION |
| v. | : | |
| L.F. DRISCOLL COMPANY, LLC, BIG-D CONSTRUCTION CORP., and MIKE CARTER | : | NO. 17 3289 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (x)

| July 24, 2017 | _[signature]_ | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-391-4790 | 215-897-5288 | christopher@dereksmithlaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

JUL 24 2017



$400

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA
-----------------------------------------------------------------------------X
BETTY HUNTLEY,

                Plaintiff,

-against-

L.F. DRISCOLL COMPANY, LLC,
BIG-D CONSTRUCTION CORP.,
MIKE CARTER, *Individually,*

                Defendants.
-----------------------------------------------------------------------------X

Civil Action No.

17   3289

**COMPLAINT**

Plaintiff Demands A
Trial by Jury

Plaintiff, Betty Huntley, as and for her Complaint against Defendants, respectfully alleges upon information and belief as follows:

**NATURE OF THE CASE**

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166 ("Title VII")), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §§ 951, *et. seq.* ("PHRA" and also referred to as the "State Cause of Action"), and the Philadelphia Fair Practices Ordinance, § 9-1100 *et. seq.* ("PFPO" and also referred to as the "City Cause of Action"), and seeks damages to redress the injuries Plaintiff has suffered as a result of being sexually assaulted and harassed, discriminated against on the basis of gender, and retaliated against by her employer for complaining of harassment and discrimination. Plaintiff also alleges intentional infliction of emotional distress against each of the Defendants.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court as this action involves a Federal Question under Title VII of the Civil Rights Act. The Court also has supplemental jurisdiction over the State and City Causes of Action, and her tort claim.

3. Venue is proper in this district based upon Defendants' principal place of business within the Commonwealth of Pennsylvania, within the Eastern District of Pennsylvania. Additionally, the events took place in Delaware and Philadelphia Counties, in the Commonwealth of Pennsylvania within the Eastern District of Pennsylvania.

4. On or about February 1, 2017, Plaintiff filed charges with the U.S. Equal Employment Opportunity Commission ("EEOC"), Pennsylvania Human Relations Commission ("PHRC") and Philadelphia Commission on Human Relations ("PCHR") against Defendants as set forth herein.

5. On or about April 25, 2017, the EEOC issued Plaintiff a Right to Sue Letter.

6. This action is being commenced within ninety (90) days of receipt of the EEOC Right to Sue Letter.

## PARTIES

7. That at all times relevant hereto, the Plaintiff resided in Philadelphia County in the Commonwealth of Pennsylvania.

8. That at all times herein mentioned, Defendant L.F. DRISCOLL COMPANY, LLC ("DRISCOLL") was and still is a foreign limited liability company organized and existing by virtue of the laws of the State of Delaware.

9. At all times herein mentioned, Defendant DRISCOLL provides construction services at 1739 Vine Street, Philadelphia, Pennsylvania 19103 (herein the "Job Site"). According to Defendant

2

DRISCOLL's website, Defendant DRISCOLL "Is the largest locally-based construction manager in the Philadelphia region. We offer an exceptional team of construction professionals who have been serving New Jersey, Pennsylvania, Delaware, and Maryland since 1929." Furthermore, Defendant DRISCOLL "strives to provide a work environment that is pleasant, professional, and free from intimidation, hostility, or other sexual offenses which might interfere with work performance. [Defendant DRISCOLL has] zero tolerance for work place sexual harassment."

10. That at all times herein mentioned, Defendant BIG-D CONSTRUCTION, CORP. ("BIG-D") was and still is a foreign business corporation organized and existing by virtue of the laws of the State of Utah.

11. At all times herein mentioned, Defendant BIG-D provided construction services at the Job Site. According to Defendant BIG-D's website, Defendant BIG-D IS "on a mission to be the most sought-after construction company in the business." Defendant BIG-D further states that "We care about each individual, their goals, aspirations and dreams, and we make it our aim to support our people to reach beyond what they thought possible to be part of something great."

12. At all times herein mentioned, Defendant Michael Carter was employed by Defendant DRISCOLL as a Foreman at the Job Site.

**MATERIAL FACTS**

13. At all times herein mentioned, Defendants were joint employers of Plaintiff.

14. That at all times material, Plaintiff worked as a laborer for Defendant at the Job Site.

15. That at all times material, Carter had supervisory authority over Plaintiff.

16. In or around April 2014, Plaintiff began working for Defendants.

17. In or around September 2014, Plaintiff was assigned to work at the Job Site and began

3

reporting to Defendant Carter.

18. In or around November 2014, Defendant Carter began regularly informing Plaintiff that he was attracted to her and talking to Plaintiff in an offensive, unwelcome, and sexually obscene manner.

19. In or around November 2014, Defendant Carter began hovering around Plaintiff as she worked under the guise of checking her productivity. While gawking at Plaintiff, Defendant Carter would state, "I want to take you out." Plaintiff told Defendant Carter that she was not interested and returned to her work. Despite Plaintiff's clear statement of disinterest, Defendant Carter continued this practice frequently.

20. At all times material, Defendant Carter would make sexually explicit comments to Plaintiff. On numerous occasions, Defendant Carter would tell Plaintiff she was "sexy" and that he was very attracted to her.

21. Each time, after Plaintiff resisted and told Defendant Carter to stop his sexual advances, Defendant Carter would retaliate and increase his harassment.

22. In or around late January 2015, Defendant Carter's harassment drastically escalated. Defendant Carter approached Plaintiff during the work day and again asked her to go out with him. Plaintiff again refused. Defendant Carter, aware of Plaintiff's history as a survivor of rape, told Plaintiff "you're gonna make me do a Bill Cosby on you." Plaintiff was horrified by the threat made by Defendant Carter. Plaintiff asked Defendant Carter to never say that again and he walked away.

23. The above assault occurred regularly throughout the course of Plaintiff's employment with Defendants.

24. In or around February 2015, Defendant Carter's threats again increased when he told Plaintiff that he was going to "use a knife and cut [her] panties off."

4

25. At all times material, when Plaintiff would complain, Defendant Carter would remind Plaintiff that he was in control of her job.

26. In or around the end of April 2015, Defendant Carter began grabbing Plaintiff's arms and hair. Defendant Carter would stroke and smell Plaintiff's hair in the presence of multiple co-workers. Plaintiff again told Defendant Carter to stop but he refused. This assault occurred regularly throughout Plaintiff's employment with Defendants until Plaintiff was forced to stop getting her hair done.

27. On one occasion, Mike Ware, Defendants' subcontractor, approached Plaintiff as she was entering the jobsite. Upon noticing Plaintiff had recently had her hair styled, Mr. Ware stated he was "sick of seeing Mike touch [her] and follow [her] around the job site." Plaintiff was humiliated.

28. On another occasion in the Summer of 2015, Plaintiff informed one of Defendant DRISOLL'S supervisors that Defendant Carter gets "jealous" and was "possessive" of Plaintiff.

29. At all times material, Plaintiff made it clear that Defendant Carter's comments and conduct were completely out of line and unwelcome.

30. In or around the summer of 2015, in retaliation for Plaintiff's refusal to go out with him, Defendant Carter began cursing at Plaintiff and threatening to fire Plaintiff and "throw [Plaintiff] downstairs," implying that he would include the basement in Plaintiff's job responsibilities. Plaintiff was terrified as she was well aware that the basement was secluded from almost all other employees.

31. Plaintiff complained about this incident to a supervisor and/or manager at Defendant Driscoll. The response of the DRISCOLL supervisor/manager was to "see what happens in the next couple of days."

32. At all times material, Plaintiff felt unsafe as a result of Defendant Carter's regular threats.

33. In or around September 2015, Defendant Carter cornered Plaintiff and stated, "I was thinking about you all vacation." When Plaintiff asked Defendant Carter to stop, he stated, "I am in love with you." Again, Plaintiff made it clear that Defendant Carter's comments and conduct were completely out of line and unwelcome. Defendant Carter continued, stating, "I'm serious, I am going to make you mine" and "I am going to make love to you because that is all I think of."

34. In or around the Fall of 2015, Defendant Carter continued telling Plaintiff "I am in love with you" and would state "I want to make love to you and am going to lick all over your body."

35. On or around November 6, 2015, Plaintiff attended a fork-lift training class to be re-certified as required by Defendants. About an hour into the course, Defendant Carter called Plaintiff and demanded she return to sweeping the third floor. Defendant Carter made it clear through these actions that he was in control of Plaintiff's employment with Defendants. Plaintiff could no longer endure this abuse and reported the ongoing harassment by Defendant Carter. Plaintiff attempted to speak with Franny stating, via text, "Hi Franny this is Betty Huntley from the Mormon temple I understand that you'll be coming down to the job today if so could you please let me know if I can meet with you I am emotionally broken down and I just can't take it anymore women should be treated with respect and given the same opportunities." Franny did not respond.

36. On or around November 9, 2015, Plaintiff sent Frank a text message stating, "Good morning Fran this is Betty Huntley I have it requested the you please come to the job site your Foreman over here is just out of control I can no longer tolerate all that I'm going through." Franny immediately responded, stating, "I am in meetings all day. Who are you referring to?" Plaintiff responded, "Mike Carter." Plaintiff received no additional messages.

37. On or around November 9, 2015, Defendant's Human Resources Manager, Donna M. Marley, approached Plaintiff regarding Defendant Carter. Donna Marley hired an independent investigator.

38. Defendants "conducted" an investigation into Plaintiff's complaint of sexual harassment. After four weeks of "investigating," Defendants determined they could not verify Plaintiff's allegations.

39. Defendants failed to properly investigate the conduct and comments made by Defendant Carter, including failing to interview named witnesses.

40. Defendants failed to take appropriate corrective action.

41. In or around December 2015, Defendant Carter was removed as Plaintiff's supervisor.

42. At all times material, however, Plaintiff was forced to continue working everyday with and in close proximity to Defendant Carter. Defendant Carter continued to make himself a regular fixture as Plaintiff worked.

43. Defendants failed to take appropriate action, including moving Defendant Carter to another location of terminating his employment.

44. Moreover, after the "investigation" commenced, Defendants retaliated against Plaintiff by refusing to allow Plaintiff to receive overtime in a manner similar to her male co-employees.

45. On or around January 13, 2016, Defendants wrongfully terminated Plaintiff.

46. Defendants wrongfully terminated Plaintiff because of her complaint of sexual harassment and opposition to the unlawful practice of Defendants.

47. That as a result of Defendants' conduct and comments, Plaintiff was caused to sustain serious and permanent personal injuries, including permanent psychological injuries.

48. Plaintiff suffers from regular panic attacks and nightmares relating to Defendants' conduct.

49. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed and emotionally distressed.

7

50. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff also suffered future pecuniary losses, emotional pain, humiliation, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

51. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against the Defendants, jointly and severally.

52. The above are just some examples of some of the discrimination and retaliation to which Defendants subjected Plaintiff.

53. The Defendants have exhibited a pattern and practice of not only discrimination but also retaliation.

54. Upon information and belief, the discrimination and retaliation will continue after the date of this complaint and Plaintiff hereby makes a claim for all continuing future harassment and retaliation.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (Not Against Individual Defendants)

55. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

56. Title VII states in relevant parts as follows: § 2000e-2. *[Section 703]*(a) Employer practices It shall be an unlawful employment practice for an employer – (1) to fail or

8

refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."

57. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. § 2000e *et seq.*, by discriminating against Plaintiff because of her sex/gender.

### AS A SECOND CAUSE OF ACTION
### FOR RETALIATION UNDER TITLE VII
### (Not Against Individual Defendants)

58. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

59. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. $2000e-3(a) provides that it shall be unlawful employment practice for an employer:

"(1) to … discriminate against any of his employees … because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

60. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. $2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of her opposition to the unlawful employment practices of Defendants.

### AS A THIRD CAUSE OF ACTION
### FOR DISCRIMINATION UNDER STATE LAW

61. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

9

62. The PHRA § 955 provides that it shall be an unlawful discriminatory practice: "(a) For any employer because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment or contract, if the individual or independent contractor is the best able and most competent to perform the services required."

63. Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of her sex/gender.

64. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of the PHRA § 955.

### AS A FOURTH CAUSE OF ACTION
### FOR RETALIATION UNDER STATE LAW

65. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

66. PHRA § 955(d) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency or labor organization to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

10

67. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A FIFTH CAUSE OF ACTION
## FOR AIDING & ABETTING UNDER STATE LAW

68. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

69. PHRA § 955(e) provides that it shall be an unlawful discriminatory practice: " For any person, employer, employment agency, labor organization or employee, to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

70. Defendants engaged in an unlawful discriminatory practice in violation of PHRA § 955(e) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

## AS A SIXTH CAUSE OF ACTION FOR
## DISCRIMINATION UNDER THE PHILADELPHIA
## CITY ADMINISTRATIVE ORDINANCE

71. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

72. The Philadelphia Fair Practices Ordinance § 9-1103(1) provides that "It shall be an unlawful discriminatory practice: "It shall be an unlawful employment practice to deny or interfere with the employment opportunities of an individual based upon his or her race, ethnicity, color, sex (including pregnancy, childbirth, or a related medical

11

condition), sexual orientation, gender identity, religion, national origin, ancestry, age, disability, marital status, familial status, genetic information, or domestic or sexual violence victim status, including, but not limited to, the following: (a) For any employer to refuse to hire, discharge, or otherwise discriminate against any individual, with respect to tenure, promotions, terms, conditions or privileges of employment or with respect to any matter directly or indirectly related to employment."

73. Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1) by creating and maintaining discriminatory working conditions, and otherwise discriminating against Plaintiff BARTLETT because of Plaintiff's sex/gender.

74. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Philadelphia Fair Practices Ordinance Chapter 9-1100.

### AS A SEVENTH CAUSE OF ACTION FOR RETALIATION UNDER THE PHILADELPHIA CITY ADMINISTRATIVE ORDINANCE

75. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

76. The Philadelphia Fair Practices Ordinance § 9-1103(1)(g) provides that it shall be unlawful discriminatory practice: " For any person to harass, threaten, harm, damage, or otherwise penalize, retaliate or discriminate in any manner against any person because he, she or it has complied with the provisions of this Chapter, exercised his, her or its rights under this Chapter, enjoyed the benefits of this Chapter, or made a charge, testified or assisted in any manner in any investigation, proceeding or hearing hereunder."

77. Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(g) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

**AS AN EIGHTH CAUSE OF ACTION FOR<br>
AIDING & ABETTING UNDER THE PHILADELPHIA<br>
CITY ADMINISTRATIVE ORDINANCE**

78. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

79. The Philadelphia Fair Practices Ordinance § 9-1103(1)(h) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, induce, compel or coerce the doing of any unlawful employment practice or to obstruct or prevent any person from complying with the provisions of this Section or any order issued hereunder or to attempt directly or indirectly to commit any act declared by this Section to be an unlawful employment practice."

80. Defendants engaged in an unlawful discriminatory practice in violation of Philadelphia Fair Practices Ordinance § 9-1103(1)(h) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

**AS A NINTH CAUSE OF ACTION<br>
FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

81. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

82. The conduct of the Defendants, individually and collectively, was intentional, personal in nature, retaliatory, extreme and outrageous so as to go beyond all possible bounds of decency.

83. Defendant Carter was acting during the course of his employment when he engaged in his sexually harassing, offensive, extreme and outrageous conduct.

84. Defendants, including but not limited to, their owners, managers, agents and supervisors, routinely ignored and/or turned a blind eye to the sexually harassing, offensive, extreme and outrageous conduct.

85. Defendants, including but not limited to their owners, managers, agents and supervisors, retaliated against Plaintiff for complaining about the above extreme and outrageous conduct (including her claims of sexual harassment) to which she was subjected, and treated her more harshly than other employees who had not made similar complaints.

86. Such intentional, extreme and outrageous conduct caused Plaintiff to suffer humiliation, extreme embarrassment, fear for her well-being and safety, and other severe emotional distress and damages.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally, in an amount to be determined at the time of trial plus interest, including but not limited to all emotional distress and back pay and front pay, punitive damages, liquidated damages, statutory damages, attorneys' fees, costs, and disbursements of action; and for such other relief as the Court deems just and proper.

**DEREK SMITH LAW GROUP, PLLC**
*Attorneys for Plaintiff*

By: _____
Christopher R. Booth, Jr., Esq.
christopher@dereksmithlaw.com
1845 Walnut Street, Suite 1601
Philadelphia, Pennsylvania 19103
(215) 391-4790

Dated: July 24, 2017